UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| GREGORY SOREY, on behalf of himself and all other persons similarly situated, known and unknown,<br><br>        PLAINTIFF,<br><br>v.<br><br>CENIKOR FOUNDATION,<br><br>        DEFENDANT. | CIVIL ACTION NO. 3:19-cv-00267<br><br>JUDGE BRIAN A. JACKSON<br><br>MAGISTRATE JUDGE<br>RICHARD L. BOURGEOIS |

## DEFENDANT CENIKOR FOUNDATION'S ORIGINAL ANSWER TO PLAINTIFF GREGORY SOREY'S COLLECTIVE ACTION COMPLAINT

Defendant Cenikor Foundation, Inc. ("Defendant") hereby responds to Plaintiff Gregory Sorey's ("Plaintiff") Collective Action Complaint (the "Complaint"), and states as follows:

Defendant admits that Plaintiff purports to bring this lawsuit as a collective action seeking relief under the Fair Labor Standards Act ("FLSA") on behalf of himself and all other persons similarly situated to recover alleged unpaid minimum wage and overtime compensation. Defendant denies that it violated the FLSA and denies that collective action is appropriate under 29 U.S.C. § 216(b). Defendant further denies that Plaintiff is similarly situated to any of the putative class members, or that any of the putative class members are similarly situated to each other. Defendant further denies that Plaintiff is or ever was employed by Defendant. Defendant denies all remaining allegations in the Introductory Paragraph of the Complaint.

**Nature of Plaintiff's Claims**

1. Defendant admits it is a non-profit organization that offers rehabilitation services, among other things, but denies the remainder of the allegations in Paragraph 1 of the Complaint.

2. Defendant denies all allegations in Paragraph 2 of the Complaint.

71686485v.2

3. Defendant denies all allegations in Paragraph 3 of the Complaint.

4. Defendant denies all allegations in Paragraph 4 of the Complaint.

5. Defendant denies all allegations in Paragraph 5 of the Complaint.

6. Defendant denies all allegations in Paragraph 6 of the Complaint.

7. Defendant denies all allegations in Paragraph 7 of the Complaint.

8. Defendant admits Plaintiff has alleged that his claims arise under the FLSA, but denies that Plaintiff is entitled to any of the relief requested, denies it was ever an "employer" of Plaintiff or that Plaintiff was ever an "employee" of Defendant, and denies the remaining allegations in paragraph 8 of the Complaint.

9. Defendant admits the Exhibit A attached to the Complaint is a *Consent to Become a Party Plaintiff*, but denies the remaining allegations in Paragraph 9 of the Complaint.

**Jurisdiction and Venue**

10. Defendant admits this Court has jurisdiction over this matter, but denies that Plaintiff is entitled to the relief requested or that collective action treatment is appropriate, denies it was ever an "employer" of Plaintiff or that Plaintiff was ever an "employee" of Defendant, and denies the remainder of the allegations in Paragraph 10 of the Complaint.

11. Defendant admits the Southern District of Texas is a proper venue pursuant to 28 U.S.C. § 1391(b)(2), but Defendant does not waive arguments regarding whether a more convenient venue exists and denies the remaining allegations in Paragraph 11 of the Complaint.

**The Parties**

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations that he resides and is domiciled in this judicial District. Accordingly, Defendant denies the allegations in paragraph 12 of the Complaint.

13. Defendant denies the allegations in paragraph 13 of the Complaint and denies the allegations in the footnote referenced in Paragraph 13 of the Complaint.

14. Defendant admits the allegations in paragraph 14 of the Complaint.

**Background Facts**

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations and, accordingly, Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations and, accordingly, Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations and, accordingly, Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations and, accordingly, Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant admits the referenced .pdf contains the words and/or phrases "cost-effective personnel" and "business partners throughout Texas and Louisiana" at various points, but denies the remaining allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

**Collective Action Allegations**

37. Defendant admits Plaintiff has alleged claims that arise under the FLSA for alleged minimum wage and overtime on behalf of a purported class, but Defendant denies that Plaintiff is entitled to any of the relief requested, denies Plaintiff or the purported class members were a "employees" of Defendant or that Defendant was the "employer" of Plaintiff or the purported class members and denies certification of a class is appropriate in this matter.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

71686485v.2

40. Defendant admits it maintains names and last known contact information for certain residents, but denies it is authorized to release this information, denies the putative class members are similarly situated to Plaintiff and denies certification of a class is appropriate in this matter.

41. The allegations in Paragraph 41 contain statements of law as it relates to 29 U.S.C. § 216(b) to which a response is not required. To the extent a response is required Defendant denies the allegations in Paragraph 41 of the Complaint and denies Plaintiff or any putative class members were employees of Defendant, denies Defendant was an employer of Plaintiff and the purported class members and denies Plaintiff or the purported class members are owed any alleged minimum wage or overtime.

**FLSA Coverage**

42. Defendant admits it is a covered "enterprise" as that term is defined in the FLSA, but denies Plaintiff is a covered "employee," denies that it ever was Plaintiff's employer as that term is defined in the FLSA and denies all remaining allegations in Paragraph 42 of the Complaint.

43. Defendant admits it is a covered "enterprise" as that term is defined in the FLSA, but denies Plaintiff is a covered "employee," denies that it ever was Plaintiff's employer as that term is defined in the FLSA and denies all remaining allegations in Paragraph 43 of the Complaint.

44. Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Defendant admits that during the time period following May 1, 2016, Defendant had an annual gross volume of sales made or business done of at least $500,000. Defendant denies that it ever was Plaintiff's employer and denies all remaining allegations in Paragraph 45 of the Complaint.

46. Defendant denies the allegations in Paragraph 46 of the Complaint.

47. Defendant denies the allegations in Paragraph 47 of the Complaint.

## COUNT I
### Violation of the Fair Labor Standards Act – Minimum Wages
### Collective Action Under 29 U.S.C. § 216(b)

Defendant incorporates, by reference, Paragraphs 1 – 47 of its Answer, as if set forth fully herein.

48. Defendant admits Plaintiff has alleged claims that arise under the FLSA for alleged minimum wages owed Plaintiff and the purported class, but Defendant denies that Plaintiff is entitled to any of the relief requested, denies Plaintiff or the purported class members were "employees" of Defendant or that Defendant was the "employer" of Plaintiff or the purported class members and denies certification of a class is appropriate in this matter.

49. Defendant denies that Plaintiff and/or the purported class members were "employees" of Defendant or that Defendant was their "employer" and denies the remaining allegations in Paragraph 49 of the Complaint.

50. Defendant denies Plaintiff or the purported class members were "employees" of Defendant or that Defendant was the "employer" of Plaintiff or the purported class members and denies the remaining allegations in Paragraph 50 of the Complaint.

51. Defendant denies the allegations in Paragraph 51 of the Complaint.

52. Defendant denies the allegations in Paragraph 52 of the Complaint.

Defendant admits that Plaintiff seeks various recoveries, but denies that Plaintiff, or unidentified, putative class members, as defined by Plaintiff, is entitled to any relief whatsoever, denies that it engaged in any unlawful illegal conduct, and further denies that any just or proper basis exists for awarding relief against Defendant and in favor of Plaintiff.

## COUNT II
### Violation of the Fair Labor Standards Act - Overtime Wages
### Collective Action Under 29 U.S.C. § 216(b)

Defendant incorporates, by reference, Paragraphs 1 – 52 of its Answer, as if set forth fully herein.

53. Defendant admits Plaintiff has alleged claims that arise under the FLSA for alleged overtime wages owed Plaintiff and the purported class, but Defendant denies that Plaintiff is entitled to any of the relief requested, denies Plaintiff or the purported class members were "employees" of Defendant or that Defendant was the "employer" of Plaintiff or the purported class members and denies certification of a class is appropriate in this matter.

54. Defendant denies the allegations in Paragraph 54 of the Complaint.

55. Defendant denies the allegations in Paragraph 55 of the Complaint.

56. Defendant denies the allegations in Paragraph 56 of the Complaint.

57. Defendant denies the allegations in Paragraph 57 of the Complaint.

58. Defendant denies the allegations in Paragraph 58 of the Complaint.

59. Defendant denies the allegations in Paragraph 59 of the Complaint.

60. Defendant denies the allegations in Paragraph 60 of the Complaint.

61. Defendant denies the allegations in Paragraph 61 of the Complaint.

62. Defendant denies the allegations in Paragraph 62 of the Complaint.

Defendant admits that Plaintiff seeks various recoveries, but denies that Plaintiff, or unidentified, putative class members, as defined by Plaintiff, is entitled to any relief whatsoever, denies that it engaged in any unlawful illegal conduct, and further denies that any just or proper basis exists for awarding relief against Defendant and in favor of Plaintiff.

**DEFENSES AND AFFIRMATIVE DEFENSES**

63. Each defense and affirmative defense is made without admitting the burden of proof and is stated in the alternative and exists separately from all other defenses and affirmative defenses.

64. Plaintiff's Complaint fails to state a claim for relief or cause of action against Defendant.

65. To the extent this matter is allowed to proceed as a collective action, which Defendant denies is appropriate, all defenses and affirmative defenses asserted in this Answer are intended to apply and do apply to all unidentified, putative class members, as defined by Plaintiff, who join in the class and/or are otherwise certified as a part of a class to the extent applicable to their individual and unique circumstances.

66. Defendant is not Plaintiff's employer, and has never been Plaintiff's employer as that term is defined under the FLSA. 29 U.S.C. § 203(d).

67. Plaintiff is not an employee of Defendant, and has never been employed by Defendant. Plaintiff does not meet the definition of "employee" under the FLSA with respect to Defendant. 29 U.S.C. § 203(e).

68. Plaintiff's claims are barred in whole or in part because Plaintiff was a volunteer who performed hours of service without promise, expectation or receipt of compensation for services rendered.

69. Plaintiff's claims are barred in whole or in part because, to the extent Plaintiff performed work, Defendant was a non-employee intern and was not the primary beneficiary of the work or working relationship.

71686485v.2

70. Plaintiff's claims are barred in whole or in part because Plaintiff and Defendant clearly understood there was no expectation of compensation resulting from the relationship between them, if any.

71. Plaintiff has failed to identify a proper putative class and has failed to define the putative class with sufficient particularity.

72. Depending on the precise claims asserted, and subject to discovery, some or all of the hours for which Plaintiff, seeks overtime compensation are not hours worked under the FLSA and do not otherwise have to be included in the regular rate of pay.

73. Plaintiff's claims are barred, in whole or in part, by the applicable two (2) year statute of limitations. 29 U.S.C. § 255(a).

74. Plaintiff's claims are barred, in whole or in part, by the applicable three (3) year statute of limitations. 29 U.S.C. § 255(a).

75. Plaintiff's claims are barred, in whole or in part, to the extent the amount of alleged unpaid wages or overtime was *de minimis*.

76. Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff seeks compensation for activities that are preliminary or postliminary to principle work activities that are not integral and indispensable to principle work activities.

77. Defendant did not willfully violate the FLSA with respect to Plaintiff or any other individual. No action taken by Defendant with respect to Plaintiff constitutes willful, knowing or reckless disregard of Plaintiff's rights under the law.

78. Plaintiff is not entitled to any liquidated damages because Defendant acted in good faith and had reasonable grounds for believing that any alleged acts or omissions did not violate the FLSA.

79. Plaintiff's claims are barred, in whole or in part, because any action taken in connection with Plaintiff's compensation was done in good faith conformance with and reliance upon written and/or other administrative regulations, orders, rulings, approvals, interpretations, practices or enforcement policies of the Wage and Hour Division of the United States Department of Labor and other related administrative agencies, including state agencies, as well as in reliance upon case law interpreting the FLSA and analogous state wage and hour statutes.

80. To the extent Plaintiff seeks remedies against Defendant beyond those available under the statute upon which Plaintiff's claims are based, such remedies are improper.

81. This action may not proceed as a collective action under the FLSA because all of the requirements of 29 U.S.C. § 216 for a collective action have not been and cannot be satisfied.

82. A class or collective action is inappropriate because Plaintiff is not similarly situated to the unidentified, putative class members, as defined by Plaintiff, and the unidentified, putative class members, as defined by Plaintiff, are not similarly situated to each other.

83. Plaintiff is not a proper representative of the purported class Plaintiff seeks to represent, and the purported class is not a class which can properly be certified in this action.

84. Collective action is inappropriate for Plaintiff's claims due to the varied factual circumstances, work history, positions, duties, and responsibilities of Plaintiff and each of the unidentified, putative class members, as defined by Plaintiff.

85. Plaintiff's claims are not proper for class certification because there are not questions of law or fact that are common to the class.

86. Plaintiff's claims are not proper for class certification because the claims or defenses of the representative parties are not typical of the claims or defenses of the unidentified, putative class members, as defined by Plaintiff.

71686485v.2

87. Plaintiff's claims are not proper for class certification because Plaintiff, as the representative party, will not fairly and adequately protect the interests of the unidentified, putative class members, as defined by Plaintiff.

88. Plaintiff's claims are not proper for class certification because the questions of law or fact that allegedly are common to the unidentified, putative class members, as defined by Plaintiff, will not predominate over any questions affecting only individual, unidentified, putative class members, as defined by Plaintiff.

89. Plaintiff's claims are not proper for class certification because a collective action is not superior to other available methods for fair and efficient adjudication of this controversy.

90. To the extent sought, Plaintiff is not entitled to a jury determination regarding attorneys' fees or liquidated damages in a case brought pursuant to 29 U.S.C. §§ 216, 260.

91. To the extent sought, pre-judgment interest is not available in a case brought pursuant to 29 U.S.C. §§ 216, 260.

92. Plaintiff has been paid all wages to which he is entitled under federal and/or state law.

93. In the event Defendant is found liable to Plaintiff, any such liability being expressly denied, Defendant asserts the affirmative defense of offset or credit for the value of all services, accommodations, goods, food, medical care, counseling, education, and other benefits provided to Plaintiff.

94. Defendant reserves the right to plead any additional defenses or affirmative defenses that may be applicable based upon evidence revealed during discovery.

WHEREFORE, Defendant Cenikor Foundation, Inc. prays that the Court dismiss Plaintiff's Complaint, that Plaintiff takes nothing by this suit, that all relief prayed for by Plaintiff in this action be denied, and that Defendant be given such other and further relief, general and special, legal and equitable, to which it may be entitled.

Dated: June 18, 2019

Respectfully submitted,

*/s/ David M. Gregory*
David M. Gregory (*pro hac vice*)
Lead Attorney
LOCKE LORD LLP
600 Travis Street, Suite 2800
Houston, Texas 77002-3095
Telephone (713) 226-1200
Facsimile (713) 223-3717
dgregory@lockelord.com

*/s/ Bradley C. Knapp*
Bradley C. Knapp (#35867)
LOCKE LORD LLP
601 Poydras Street, Suite 2660
New Orleans, Louisiana 70130
Telephone (504) 558-5210
Facsimile (504) 910-6847
bknapp@lockelord.com

**COUNSEL FOR DEFENDANT,
CENIKOR FOUNDATION, INC.**

OF COUNSEL:

Christopher Dove (*pro hac vice*)
Andrew W. Reed (*pro hac vice*)
LOCKE LORD LLP
600 Travis Street, Suite 2800
Houston, Texas 77002-3095
Telephone (713) 226-1200
Facsimile (713) 223-3717
cdove@lockelord.com
andrew.reed@lockelord.com

Frank Sommerville (*pro hac vice*)
WEYCER, KAPLAN, PULASKI & ZUBER, P.C.
3030 Matlock Rd., Suite 201
Arlington, Texas 76015
Telephone (817) 795-5046
Facsimile (800) 556-1869
fsommerville@wkpz.com

Joel P. Babineaux (#21455)
Karen T. Bordelon (#20114)
BABINEAUX, POCHÉ, ANTHONY, & SLAVICH, L.L.C.
1201 Camellia Boulevard
Lafayette, Louisiana 70508
Telephone (337) 984-2505
Facsimile (337) 984-2503
jbabineaux@bpasfirm.com
kbordelon@bpasfirm.com

**OF COUNSEL FOR DEFENDANT,
CENIKOR FOUNDATION, INC.**

## CERTIFICATE OF SERVICE

   I certify that a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel for the Plaintiff by operation of the court's electronic filing system.

                 */s/ David M. Gregory*
                 David M. Gregory